# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

RENEE MINISTERI,                                    )
Personal Representative of the Estate of            )
Anthony Ministeri,                                  )
           Plaintiff,                   )

v.                                                  )   C.A. N0. 1:18-cv-10611- LTS

AECOM TECHNOLOGY CORPORATION,                       )
RELIANCE STANDARD LIFE INSURANCE                    )
COMPANY,                                            )
           Defendants                   )

_____)

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS, ATTORNEY FEES AND INTEREST

Plaintiff, Renee Ministeri, as personal representative of the Estate of Anthony Ministeri, respectfully submits this Memorandum of Law in support of her motion under Fed. R. Civ. Proc. 54(b) and 59(e), for costs, attorney fees and pre-judgment and post-judgment interest.

## RELEVANT PROCEDURAL HISTORY

Mrs. Ministeri filed a proof of claim with Reliance in April of 2016, in which she sought the proceeds of her husband's basic and supplemental life insurance coverage, for a total of $1,092,000. Doc. No. 33-1.  Reliance denied Mrs. Ministeri's claim in a letter dated July 8, 2016. Doc. No. 33-10 at 2.  Mrs. Ministeri appealed this initial determination, which was upheld by Reliance in its final determination letter, dated January 6, 2017. Doc. No. 33-11.  Mrs. Ministeri filed suit against Mr. Ministeri's employer, AECOM, and Reliance on March 29, 2018, primarily alleging wrongful denial of benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

The Court dismissed AECOM as a party on September 10, 2019. Doc. No. 17 at 11–13. Mrs. Ministeri moved to expand the administrative record through discovery on February 4, 2020. Doc. No. 21. The Court originally allowed her Motion as unopposed (Doc. No. 22) but Reliance filed a Motion for Reconsideration, claiming good cause for missing the opposition deadline and representing to the Court that the administrative record was complete. Doc. No. 23 at 1–2.  The Court allowed Reliance's Motion for Reconsideration and denied Mrs. Ministeri's Motion for Discovery. Doc. No. 24.  On May 1, 2020, Mrs. Ministeri moved for summary judgment on the administrative record before Reliance at the time it denied her claim. Doc. No. 31. Reliance then filed its own Cross Motion for Summary Judgment on June 1, 2020. Doc. No. 34.

On February 10, 2021, the Court in a Memorandum and Order denied Defendant's Motion for Summary Judgment, allowed Plaintiff's Motion for Summary Judgment (Doc. No. 57) and entered judgment in the amount of $1,092,000.00 in favor of Plaintiff and against Defendant. Doc. No. 58.

## ARGUMENT

### I.   AS THE PREVAILING PARTY, PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST.

"[P]rejudgment interest is an element of [the plaintiff's] complete compensation." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).  A "monetary award does not fully compensate for an injury unless it includes an interest component." *Kansas v. Colorado*, 533 U.S. 1, 10 (2001).  "Although ERISA does not explicitly provide for prejudgment interest, widespread support exists for such an award." *Gallagher v. Park W. Bank & Tr. Co.*, 951 F. Supp. 10, 14 (D. Mass. 1997), citing *West Virginia v. United States*, 479 U.S. 305, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987);  *Biggins v. Hazen Paper Co.*, 953 F.2d 1405 (1st Cir.1992); *Conway v. Electro Switch Co*rp., 825 F.2d 593 (1st Cir.1987).

**A. Prejudgment Interest of 12 Percent Should be Awarded in Order to Make the Plaintiff Whole and to Prevent Defendant's Unjust Enrichment.**

In the nearly five years since Reliance denied Plaintiff's claim for Mr. Ministeri's life insurance benefits on July 8, 2016, the Dow Jones Industrial Average has gone up an average of 12.50% per year, the S&P rose by an average of 13.57% each year, and Nasdaq has gone up by an average of 22.15% per annum.  See Exhibits A-C.  Meanwhile, an investment in Tokio Marine Holdings, Inc. (TKOMY), Reliance's publicly traded parent company (Doc. No. 6) would have grown by 63.91% since July 8, 2016[1], or by about 14% per year.  See Exhibit D, at 1-2 (a share of TKOMY that was worth $32.34 on 7/8/2016 had grown in value to $50.60 as of the date of this motion, a nearly 64% increase, or a growth rate of approximately 14% per year).  At that rate, investing the proceeds of the life insurance proceeds retained by Reliance in TKOMY stock[2] would have yielded a return of $697,930.43.

Plaintiff and her children, however, have been denied the use of the withheld insurance proceeds.  They have had no opportunity to invest or to earn any interest on the funds that were unjustly retained by Reliance.  Plaintiff now seeks prejudgment interest of 12 percent per annum accruing from the date Reliance denied her claim on July 8, 2016.  As further detailed below, Plaintiff's proposed date of accrual and the interest rate of 12 percent are amply supported by First Circuit and other federal precedent.

**1. The Accrual Date for Prejudgment Interest Should be the Date Mrs. Ministeri's Claim was Denied in 2016.**

"In an ERISA case, prejudgment interest on a plan participant's claim ordinarily accrues

---

[1]     July 8, 2016 is the date Reliance denied Plaintiff's claim and, as outlined below, the date Plaintiff asserts should be used as the accrual date for prejudgment interest.
[2]     In fact, Reliance as of September 2020 held about $169,183,956 in TKOMY stock, or more than 3.34 million shares.  See Exhibit D, at 4.

on the date when that participant is denied benefits." *Vickers v. Principal Mut. Life Ins. Co*., 993

F. Supp. 19, 21 (D. Mass. 1998), citing *Cottrill*, 100 F.3d at 223–24.   "Setting the accrual date in

this manner not only advances the general purposes of prejudgment interest, but also serves

ERISA's remedial objectives by making a participant whole for the period during which the

fiduciary withholds money legally due." *Id*., citing *West Virginia v. United States*, 479 U.S. 305,

310 (1987); *Diduck v. Kaszycki & Sons Contractors, Inc*., 974 F.2d 270, 286 (2d Cir.1992).

Figuring the accrual date in this way also prevents unjust enrichment. *Cottrill*, 100 F.3d at 223–

24, citing *Sweet v. Consolidated Aluminum Corp*., 913 F.2d 268, 270 (6th Cir.1990); *Short v.

Central States, Southeast & Southwest Areas Pension Fund,* 729 F.2d 567, 576 (8th Cir.1984).

There is no dispute that Reliance denied Mrs. Ministeri's claim for her husband's life

insurance benefit on July 8, 2016.  Therefore, the accrual date for prejudgment interest should be

set at July 8, 2016.

### 2.  The Prejudgment Interest Rate Should be Set at 12 Percent.

"Awarding interest at a rate that does not recapture the lost value of the money during the

period it was withheld 'would create a perverse incentive' for a defendant to delay payments while

it earned interest on those funds." *Gross v. Sun Life Assurance Co. of Canada*, 880 F.3d 1, 19–20

(1st Cir. 2018), citing *Pacific Ins. Co. v. Eaton Vance Mgmt*., 369 F.3d 584, 590 n.8 (1st Cir. 2004).

Other district courts in Massachusetts have awarded prejudgment interest of 12 percent to

ERISA plaintiffs who have prevailed on their claims.  E.g. *Gross v. Sun Life Assurance Company

of Canada*, 320 F.Supp.3d 240, 244 (D.Mass. 2018)(adopting the 12 percent interest rate to make

the plaintiff whole and avoid unjust enrichment of defendant); *Laurenzano v. Blue Cross & Blue

Shield of Massachusetts, Inc. Ret. Income Tr*., 191 F. Supp. 2d 223, 236 (D. Mass. 2002)("This

court will adopt the 12 percent rate of Mass. Gen. L. ch. 231, § 6C").  An award of 12 percent

interest is also in accord with decisions from other circuits.  The Fourth Circuit has affirmed

prejudgment interest at the rate of 12% given that the stock market during the relevant time period

had risen 19% annually.   *Fox v. Fox*, 167 F.3d 880, 884 (4th Cir. 1999).  *Christianson v. Poly–*

*America, Inc. Med. Benefit Plan*, 412 F.3d 935, 941 (8th Cir. 2005) ("A common thread throughout

the prejudgment interest cases is unjust enrichment—the wrongdoer should not be allowed to use

the withheld benefits or retain interest earned on the funds during the time of the dispute." quoting

*Kerr v. Charles F. Vatterott & Co*., 184 F.3d 938, 946 (8th Cir. 1999); *Bryant v. Cmty. Bankshares,*

*Inc.*, 736 F. App'x 841, 847 (11th Cir. 2018)(affirming award of pre-judgment interest at the

Alabama state rate of 18% accruing from the date the claim should have been paid).

> Given ERISA's silence on prejudgment interest rates, the Court of Appeals has
> endorsed judicial use of "outside sources, including state law, for
> guidance." *Id.* (quoting <u>*Cottrill*</u>, 100 F.3d at 224–25). See *Gallagher v. Park W.*
> *Bank and Trust Co.*, 951 F.Supp. 10, 14 (D. Mass.1997) ("This court will adopt the
> 12 percent rate of Mass. Gen. L. ch. 231, § 6C.

*Gross*, 320 F.Supp.3d at 244.

As other Massachusetts courts have noted in the context of ERISA cases, it would be

inequitable for a breach of an obligation to pay funds owed under life insurance contract in

Massachusetts "to generate less interest than a breach of a simple contract."  See *id*.   "The state

rate reflects the Massachusetts legislature's considered view of the likely rate of return on

invested capital and the cost of borrowing money, under the particular economic conditions of

this state." *Id*., citing *Radford Tr. v. First Unum Life Ins. Co. of Am*., 321 F.Supp.2d 226, 257–58

(D. Mass. 2004), *rev'd in part, appeal dismissed in part*, 491 F.3d 21 (1st Cir. 2007).   Here, by

aligning the prejudgment interest rate with rate of increase of the stock of Reliance's parent

company and within the range of the stock market increases during the same period of time, the

state rate prevents unjust enrichment without amounting to punishment.  Accordingly,

prejudgment interest should be awarded at 12% compounded annually and accruing through the date of Reliance's final payment to Mrs. Ministeri.

## I.   PLAINTIFF SHOULD BE AWARDED HER REASONABLE COSTS AND ATTORNEY FEES.

Counsel fees in ERISA cases are not mandatory, but are within the trial court's discretion. *Cottrill v. Sparrow, Johnson & Ursillo, Inc*., 100 F.3d 220, 225 (1st Cir.1996). The sole factor a court *must* consider in deciding to award attorney fees under 29 U.S.C. §1132(g)(1) is whether the party obtained "some degree of success on the merits."  However, in its discretion the Court may consider other factors as articulated by the First Circuit in *Gray v. New England Tel. and Tel. Co*., 792 F.2d 251 (1st Cir.1986), including:

(1) The losing party's degree of culpability or bad faith;
(2) The losing party's ability to satisfy an award of fees;
(3) Whether such an award would deter others from acting under similar circumstances;
(4) The amount of benefit that the action had on the members of the pension plan; and
(5) The relative merits of the parties' positions.

*Gray,* 792 F.2d at 257–58. This test is a flexible one, "developed to ... give guidance to courts in interpreting the discretion to be exercised under the statute." *Id.,* at 258. A court need not consider all the factors, and no one factor is necessarily determinative. *Id.*

While there is no question Mrs. Ministeri achieved more than "some success" on the merits of her claim and should therefore be entitled to an award of attorney fees, there is another reason to award attorney fees in this case.  As the Court noted in its decision and order (Doc. No. 1-12) Reliance has used a similar argument to the one rejected by the Court in this case to deny benefits to other claimants around the country.  The third *Gray* factor set forth above speaks to deterrence of "others", but in this case attorney fees should be awarded due to Mrs. Ministeri's success and also as a means to **deter Reliance** itself from acting again to reject a meritorious claim from another beneficiary under similar circumstances.

**A.  Mrs. Ministeri seeks attorney fees in the amount of $123,850.**

As set forth below and as detailed in the declarations and time records attached as Exhibits E-G hereto,  Mrs. Ministeri seeks attorney fees in the amount of $123,850 for the time spent on this matter by her attorneys Richard Sullivan and Eugene E. Sullivan Jr. of Sullivan & Sullivan LLP, and Teresa Monroe of Monroe Law LLP.

The aggregate hours and hourly rates for the attorneys are summarized below:

| Attorney Name | Hours | Hourly Rate | Totals |
|---|---|---|---|
| Richard Sullivan | 31.5 | $650 | $21,775 |
| Gene Sullivan | 112.8 | $500 | $56,400 |
| Teresa Monroe | 121.8 | $375 | $45,675 |
|  |  |  | $123,850 |

**B.  Mrs. Ministeri's requested hourly rates are reasonable.**

Plaintiff is seeking attorney fees for her counsel at $650 per hour for Attorney Richard Sullivan, $500 an hour for Eugene "Gene" Sullivan, and $375 per hour for Teresa Monroe.  The Plaintiff's firms have not charged any time for paralegal or secretarial work and they have excluded hours spent by other attorneys at their firms performing work that might be considered duplicative or redundant.

As reflected in the attorney declarations attached as Exhibits E & F hereto, Gene and Richard Sullivan have been practicing law for 44 years and 34 years respectively and have successfully obtained dozens of verdicts and court decisions favorable to their clients.  Ms. Monroe, whose declaration is attached hereto as Exhibit G, has been practicing law for more

than 15 years and has a depth of experience representing clients on a variety of issues and litigating on their behalf in federal courts around the country.

The hourly rates charged by Gene and Richard Sullivan are at or below the rates charged by attorneys with their experience in the Boston local market.  Ms. Monroe's hourly rate is below the hourly rates charged in the Boston market and at or below the rates charged in the Albany, New York area where her office is located.

**C.  Ms. Ministeri is also entitled to recoup her costs in this action.**

As reflected in the Declaration of Richard Sullivan, attached hereto as Exhibit E, costs in this matter have been kept to a minimum and Ms. Ministeri is requesting just $ 426.73, which are the filing fees for commencing this matter and the cost of service on the Defendants.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that her motion for prejudgment interest at a rate of 12 percent with an accrual date of July 8, 2016, and her request for attorney fees in the amount of $123,850 and costs of $426.73 be granted in its entirety, and for such other and further relief as the Court in its discretion deems appropriate.


Dated: February 24, 2021                    Respectfully submitted,

                                            The Plaintiff,
                                            RENEE MINISTERI,
                                            Personal Representative of the Estate of
                                            Anthony Ministeri,

                                            By her Attorneys,
                                            /s/Richard J. Sullivan
                                            Richard J. Sullivan, BBO# 554085
                                            Eugene F. Sullivan, Jr., BBO #485720
                                            SULLIVAN & SULLIVAN, LLP
                                            83 Walnut Street
                                            Wellesley, MA 02481

(781)263-9400
**rsullivan@sullivanllp.com**
**gsullivan@sullivanllp.com**

Teresa A. Monroe
MONROE LAW LLP
90 State Street, Ste. 700
Albany, New York  12207
(518) 222-3820
(518) 320-8038
tmonroe@monroelawllp.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on this 24th day of

February 2021.

/S/ Richard Sullivan_____

Richard Sullivan